THOMAS W. GRIFFITH, *Appellant,* v. JOHN G. HENDERSON, *Appellee.*

In equity proceedings where the answer admits all the material allegations of the bill of complaint, and new matter not responsive to the bill is not proven, on a hearing on bill, answer and replication, after the expiration of the time for taking testimony, the complainant is entitled to such a decree as is warranted by the bill of complaint.

This case was decided by Division A.

Appeal from the Circuit Court for Washington County.

### Statement.

The appellee, John G. Henderson, on August 6, 1906, filed a bill of complaint in the circuit court for Washington county seeking under the statute to enjoin the defendant from trespassing upon timbered lands of the complainant by cutting the trees thereon and removing the logs therefrom. The bill, in substance alleges that the complainant is the owner in fee simple of lands described as sw¼ of ne¼ and nw¼ of se¼, 24-4-15, N. & W.; that complainant derives his title from the United States by virtue of a patent made to one J. M. Wright; that defendant is daily engaged in cutting the pine timber growing on said lands and removing the logs made therefrom; that said lands are timbered lands, and the defendant asserts an intention of continuing,

and complainant believes he will continue, to cut said timber and remove said logs made therefrom from said lands unless enjoined. Answer under oath is expressly waived. The prayer is for temporary and perpetual injunctions.

The defendant Thomas W. Griffith in his answer which was not sworn to admits that the complainant has a deed conveying on its face to John G. Henderson a fee simple title in and to said lands, and that said Henderson deraigns his title in the manner alleged. Defendant avers in substance that complainant acquired title to said land by a deed of conveyance executed July 24., 1905, by J. W. Brock and his wife, who is the daughter of complainant; that J. W. Brock acquired title to the land by a deed of conveyance executed December 8, 1904, by John M. Wright and wife, the said John M. Wright having acquired title from the United States; that on April 2nd, 1903, prior to the said conveyance by Wright and wife to J. W. Brock the said Wright and wife conveyed to W. F. Graves, J. E. Graves, J. J. McCullagh, A. F. Tatom and W. M. Tatom, partners as Graves, Tatom & Company, their heirs and assigns all the merchantable pine trees standing upon said lands, which said conveyance was duly recorded, a copy of the conveyance being made a part of the answer as Exhibit "A;" that thereafter said Graves, Tatom & Company organized themselves into a corporation as The Graves-Tatom Company, and conveyed the said timber to said corporation; that thereafter on October 27, 1904, the said Graves-Tatom Company conveyed to defendant by deed all its right, title and interest in and to all the timber standing upon said lands; that at the time of the execution of said deed from Wright and wife to Brock, the said Brock had full knowledge of all the conveyances of the timber standing upon said land; that Brock has

at all times recognized the title of the defendant Thomas
W. Griffith, and his grantors, to the timber standing upon
said land and has at all times conceded the right of de-
fendant Thomas W. Griffith, and those through whom he
deraigns his title, to cut and remove said timber as well as
to operate the same for naval stores purposes; that de-
fendant, Thomas W. Griffith, desiring to fully preserve
his right to work said timber for naval stores purposes
and to cut and remove the same, and the said J. W. Brock
and his wife, desiring to perpetuate the rights of the
defendant, Thomas W. Griffith, to operate said trees for
naval stores purposes and to cut and remove same, on
March 3rd, 1905, executed a deed of conveyance of said
timber to the defendant, Thomas W. Griffith, a copy
of the deed being attached as Exhibit "C," and made
a part of the answer; that said last mentioned deed was
partly printed and partly written; that the lease re-
ferred to in Exhibit "C" is the same as the timber deed
marked Exhibit "A;" that the blanks were filed in in the
latter part of Exhibit "C" merely because the blanks
were left and without any intention of reserving to the
grantors any right whatever; that both the said Brock
and wife and the defendant at the time of the execu-
tion of the deed marked Exhibit "C," understood that
the defendant, Thomas W. Griffith, was the owner of
the timber standing upon the said land, and had the
right at any time to cut and remove the same; that the
said blanks in the conveyance marked Exhibit "C," were
not filled in with any intention either upon the part of
the said Brock and wife or of the defendant, of reserv-
ing or conceding any right in the said Brock and wife
in the said timber, or as to the timber being cut and re-
moved, but that the same was filled in for the sake of
completeness and at the instance and for the benefit of the
defendant, Thomas W. Griffith; that at the date of the

conveyance of the lands by Brock and wife to complainant the complainant was fully advised that the timber upon the land had been conveyed by Brock and wife to defendant; that complainant was fully advised of the conveyance of said standing timber by said Wright and wife to said Graves, Tatom & Company; that on July 24, 1905 and for many weeks continuously prior and subsequent thereto, and during the negotiations between the complainant and his grantor, Brock, for the purchase of the land, the defendant, Thomas W. Griffith, was working and causing to be worked for him for turpentine purposes the timber growing and being upon the said land, and was engaged in chipping said trees and in extracting the turpentine therefrom for naval stores purposes under a claim of ownership to the said timber under the conveyances marked exhibits "A" and "C;" that the complainant at the time he purchased the land from Brock and at the time he took the deed of conveyance from Brock knew that this defendant was engaged in chipping the said trees upon the land, and in extracting the turpentine therefrom; that in taking the deed marked Exhibit "C," it was not the intention either of Brock or defendant to do anything in disparagement of defendant's title from Wright and wife, through the said Graves, Tatom & Co., but that it was the intention of Brock and wife and defendant to place the claim of defendant to said timber beyond all question. Defendant denies that said land is valuable only for the timber thereon, but alleges that the land is worth about five dollars per acre for the soil alone, without reference to the timber thereon standing and being, and that the price paid by the complainant for the land was paid without reference to the timber thereon, the complainant knowing full well at the time of the purchase that he was not acquiring title to the timber upon said land.

Defendant admits that he was up to the time of the granting of the injunction herein having the timber cut from said land and removed to his mill to be sawn into timber and lumber, as he had a right to do, under and by virtue of the conveyance to him of said timber. Defendant avers that the form of conveyance, of which Exhibit "C" is a copy, was one in common used by land owners and lessees and grantors, and was provided for use in cases where the grantor had leased the timber to be operated for turpentine purposes to one party and thereafter and before the expiration of the lease conveyed the timber to another party; that it was intended in and by said firm to preserve the lessee's right to operate the timber for turpentine purposes for the period specified in the lease before the grantee of the timber should be allowed to cut and remove the timber; that at the time of the execution of the instrument marked Exhibit "C" it was not deemed necessary to strike out the words printed in the form as follows: "But whereas the timber on the above described lands has heretofore been leased by us to," but was merely filled in for completeness as aforesaid; that there was no lease of said trees upon said land to any person whomsoever at any time prior to or subsequent to the execution of Exhibit "C" save and except the instrument marked Exhibit "A." The answer contains no general denial of the allegations of the bill of complaint. A preliminary injunction was granted. On September 29, 1906, a general replication was filed, and on January 14, 1907, the complainant set down the cause for hearing upon the bill of complaint, answer and replication thereto. At the hearing a perpetual injunction was granted. The defendant on appeal assigns as errors a refusal to dismiss the bill of complaint and the granting of the perpetual injunction.

*Maxwell & Reeves,* for appellant;

*Benj. S. Liddon,* for appellee.

WHITFIELD, J., (*after stating the facts.*)—The bill of complaint alleges that the complainant is the owner in fee simple of timbered land described as the sw¼ of ne¼ and the nw¼ of se¼ of section 24, township 4 north, range 15 west; that the defendant is daily engaged in cutting the pine trees on said land and removing the logs made therefrom; that defendant asserts an intention of continuing, and complainant verily believes he will continue, to cut the timber and remove the logs from the land. The answer admits the complainant's title to the land, and admits that up to the time the injunction issued he was having the timber cut from the land and removing the same, but avers he had a right to do so under a conveyance to him of the timber taken in connection with other matters affirmatively stated in the answer.

The replication filed September 29, 1906, put in issue all the allegations of the bill of complaint that are not admitted in the answer as well as those matters stated in the answer that are not responsive to the bill. The allegations of the bill that are admitted in the answer are taken as true and need not be proved. The allegations of the bill that are denied in the answer are to be proved by the complainant. New matter in the answer not responsive to the bill is to be proved by the defendant. The rule allows three months for taking tesmony.

The cause having been heard February 9, 1907, on the bill, answer and replication, after the expiration of the time for taking testimony, no testimony having been taken, and the oath to the answer having been expressly waived in the bill of complaint, and the answer not being sworn to, such answer is a pleading, but it is not ev-

idence in favor of the defendant for any purpose. As a pleading the admissions of the answer bind the defendant, the denials in the answer bind the complainant, and the new matter averred in the answer not responsive to the bill is eliminated. In so far as the unsworn answer states new matters not responsive to the bill, that are in opposition to, or in avoidance of, the allegations of the bill, such new matters not being called for or required by the bill of complaint, and being put in issue by the replication, the burden of proving them *aliunde* was upon the defendant, therefore such new matters not being proved cannot be considered. The only denial contained in the answer is as to the value of the land for timber which is not alleged in the bill of complaint. The answer contains no general denial of the allegations of the bill of complaint. The effect of the answer is to admit all the material allegations of the bill. The replication required the complainant to present proof to sustain all the allegations of the bill of complaint that are not admitted by the answer, and required the defendant to submit proof of all the averments of the answer as to the right of the defendant to cut and remove the timber, since such averments are in avoidance of the trespass admitted, and are in no way responsive to any allegation contained in the bill of complaint. The essential allegations of the bill of complaint as to the title of the complainant to the land and the cutting and removing of the timber therefrom by the defendant are admitted by the answer, and it was not necessary for the plaintiff to present any proofs as to such allegations. See Patrick v. Kirkland, 53 Fla. 768, 43 South. Rep. 969.

No reference was made in the bill of complaint to a claim of right by the defendant to the timber on the land, therefore the averments of the answer as to such

right in the defendant is affirmative matter not responsive to the allegations of the bill, and it was encumbent upon the defendant to prove such averments. The answer admits the title of the complainant to the land and the cutting and removing of the timber from the land which are the material allegations of the bill of complaint; and as the averments of the new matter of the right of the defendant to the timber on the land were not proven by the defendant, the complainant was entitled to a decree. See Griffith v. Henderson, filed this day.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.